# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CLARENCE SINEGAL** *Plaintiff, Intervenor Defendant* **VICTORIA SINEGAL** *Plaintiff* VS. **LOUISIANA WORKERS COMP. CORP.** *Intervenor Plaintiff* VS. **MERIT ENERGY CO.** **TIMMY DANOS, INC.** *Defendants, Intervenor Defendants* **GALIANO TUGS, INC.** *Defendants* | **CIVIL ACTION NO. 07-1740** **JUDGE MELANÇON** **MAGISTRATE JUDGE METHVIN** |

## RULING ON MOTIONS TO COMPEL
*(Rec. Docs. 34, 36)*

Before the court are two discovery motions. Plaintiffs Clarence and Victoria Sinegal filed a Motion to Compel Discovery on September 15, 2008 (Rec. Doc. 34). Defendants Merit Energy Company, Timmy Danos, Inc., and Galiano Tugs, Inc. filed an opposition on September 30, 2008 (Rec. Doc. 40). Plaintiffs filed a supplemental memorandum on October 16, 2008 (Rec. Doc. 50). Defendants filed a supplemental memorandum on October 20, 2008 (Rec .Doc. 56).

Defendants filed their Motion to Compel Plaintiff to Sign Authorization Forms on September 19, 2008 (Rec. Doc. 36). Plaintiffs filed an opposition on October 20, 2008 (Rec. Doc. 58). Defendants filed a Reply on October 24, 2008 (Rec. Doc. 63).

Since each of the motions involve the application of Fed. R. Civ. P. 34, as a matter of judicial efficiency, the motions will be considered together.

## BACKGROUND

This action arises out of an accident that occurred on November 20, 2006 when plaintiff Clarence Sinegal was being transferred in a personnel basket from a fixed platform to an offshore utility vessel, the M/V TIMMY DANOS. At the time of the accident, Sinegal, an employee of Island Operating Company, was being transferred in the personnel basket which was attached to a crane that was being operated by another employee of Island Operating. The platform in question was owned by Merit Energy Company, the vessel was owned by Timmy Danos, Inc., and operated by Galiano Tugs, Inc. Sinegal claims he was knocked from the basket when it struck material on the vessel's back deck, causing him to sustain injuries when he fell to the deck.

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY
### (Rec. Doc. 34)

**ISSUE ONE: Statement of Mitch Bertrand**

On May 27, 2008, plaintiffs served a request for the production of any statement prepared in connection with any interview conducted by defendants Timmy Danos and/or Merit Energy Company. On June 23, 2008, defendants identified Captain David Mott and deck-hand Mitch Bertrand as having prepared statements but objected to the request on the basis of work-product immunity. However, defendants produced Mott's statement, and the only issue is whether the statement of Mitch Bertrand is protected from discovery. The statement was prepared on the day of the accident pursuant to the request of Galiano's shore-based personnel after Mott reported plaintiff's accident to them.

**IT IS ORDERED** that the motion is **GRANTED.** Plaintiff characterizes Bertrand's statement as an accident report routinely made according to company policy, and not in

anticipation of litigation. Bertrand testified in his deposition that Galiano personnel instructed him to prepare a statement regarding the accident, which he did on the same day of the accident.

Ordinarily, a party cannot discover documents "prepared in anticipation of litigation or for trial by or for another party or its representative" without a showing of substantial need and an inability to obtain the equivalent. Fed. R. Civ. P. 26(b)(3). A document is prepared in anticipation of litigation when the primary motivating purpose behind the creation of the document was to aid in possible future litigation. United States v. Davis, 636 F.2d 1028, 1039 (5th Cir. 1981) (citations omitted). Excluded from work product materials are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation. U.S. v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982).

It is defendants' burden to establish that Bertrand's statement was work-product. *See* Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985). Here, defendants have submitted no evidence, other than relying on the Bertrand deposition, to support their position. There is no evidence that an attorney was involved. Carroll v. Praxair, Inc., 2006 WL 1793656, 2 (W.D. La. Jun. 28, 2006) (M.J. Wilson) (The involvement of an attorney is a highly relevant factor ... making materials more likely to have been prepared in anticipation of litigation).

Plaintiffs assert, and defendants have not disputed, that Sinegal's injuries following his fall from the basket did not appear to be serious at the time. *See e.g.* Holton v. S & W Marine, Inc., WL 1693667 (E.D. La. Nov. 9, 2000). In Holton, the court considered the factual setting when the statement at issue was made in order to determine whether its primary purpose was to aid in litigation. The court compared the factual situation before it to the facts in Hamilton v.

Canal Barge Co. Inc., 395 F. Supp. 975, 976 (E.D. La. 1974) where the court held, in a death case, that a statement taken by an adjuster on the day of the accident was in anticipation of litigation. The Holton court noted there was a vast difference between the death of an employee, an extraordinary, tragic event, and the investigation of a non-life threatening injury which is a fact of life for vessel owners and their crew.

Because there was no attorney involvement and plaintiff's injuries did not appear to be very serious, the undersigned concludes that defendants have not carried their burden of showing the statement was made in anticipation of litigation. Furthermore, this finding is buttressed by the Fifth Circuit's recognition that statements taken from the witnesses shortly after accidents provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory, and many courts have held that the mere lapse of time in itself is enough to justify production of the statements. *See* Holton v. S & W Marine, Inc., 2000 WL 1693667, 4 (E.D. La. 2000) *citing* Southern Ry. Co. v. Lanham, 403 F.2d 119, 128 (5th Cir.1968).

It is thus unnecessary to reach the issue of whether Galiano waived its privilege when it disclosed the statement to Merit, and whether defendants failed to timely object to plaintiff's request for production and/or subpoena duces tecum.

**ISSUE TWO: Attorneys fees and costs**

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys fees and costs is **DENIED**. Defendants' opposition was made based on applicable law. The dispute concerns two interpretations of the same facts. The undersigned thus finds that defendants' position was substantially justified.

# DEFENDANTS' MOTION TO COMPEL
# PLAINTIFF TO SIGN AUTHORIZATION FORM
### (Rec. Doc. 36)

**ISSUE ONE: Should plaintiff be compelled to sign a blank medical authorization?**

Where plaintiffs allege injuries and seek damages for medical expenses and pain and suffering, putting their medical history at issue, courts routinely direct them to provide blank medical authorizations; however each case is unique and must be decided on its own facts. Thai v. Miller Truck Lines, Inc., No. 05-cv-051958, 2006 WL 2349605, 1 (W. D. La. Aug. 11, 2006) (M.J. Hornsby) *citing* Johnson v. Coca-Cola Enterprises, Inc., 2006 WL 1308152 (W.D.La.2006); Mirtes v. Norfolk Southern Railway, 2005 WL 3527292 (N.D.Ohio 2005) (emphasis added).

In Thai, 2005 WL 3527292, *1-2, the plaintiff had provided names of his doctors, and their medical records had been subpoenaed. Plaintiff did not want to provide a blank authorization. Granting the motion, the court noted that it is not unusual for a plaintiff to forget about a doctor he had seen. The court also recognized the medical authorizations sought were "somewhat intrusive" but found that intrusion was necessary in light of the serious allegations. Thai, *1.

In Mirtes, plaintiff's counsel refused to produce the requested authorization because it was his policy to procure and produce plaintiffs' medical records. The court found this "policy" to be unacceptable and granted the motion to compel. 2005 WL 3527292, *1.

Here, has provided numerous medical authorizations:

> Abbeville General Hospital, Lafayette General Medical Center, Heart Hospital of Lafayette, Iberia Medical Center, Doctors' Hospital of Opelousas, Southwest Medical Center, University Medical Center, Our Lady of Lourdes, Acadian Imaging Center, CT Imaging of Lafayette, Dr. Earl Washington, Dr. LeBean, Dr.

Richard Feucht, Dr. Carl Aldredge, Dr. Nicole Dickens, Dr. John Cobb, Dr. Ted Friedberg, Acadiana Physical Therapy, Lafayette Surgical Specialty, and Cathryn's Thrifty Way Pharmacy.[1]

However, this does not substitute for a blank medical authorization. The sheer number of the treating doctors, pharmacies and medical institutions already involved in plaintiffs' care suggests that other medical records may be found from related or unrelated entities. Defendants should not be required to return to plaintiff for a new authorization each time a note in a medical record reveals another facility or treating physician whose records may be relevant.

The motion to compel as to the blank medical authorization is **GRANTED.**

**ISSUE TWO: Should plaintiff be compelled to sign defendants' requested forms which authorize the release of personnel, education, police, and worker's compensation records?**

Plaintiff did not address this request in his opposition. The undersigned thus considers the motion as to this issue to be unopposed.

**IT IS ORDERED** that the motion to compel as to these authorizations is **GRANTED.** Plaintiff shall sign defendants' requested forms which authorize the release of personnel, education, police, and worker's compensation records *within 15 days of the date of this order.*

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(4), respondents shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the extant motion to compel. Counsel for defendants shall file a motion to set attorney's fees and an affidavit of fees and costs into the record *on or before November 21, 2008* in order to assist the court in the assessment of a reasonable fees and costs award. The affidavit(s) shall contain: (1) the customary hourly rate of each attorney and paralegal involved; (2) a detailed description of

---

[1] Rec. Doc. 58.

each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred.  ***Failure to file the motion to set attorney's fees within the deadline or the affidavit in the form required and/or within the deadline imposed will render the award null and void.***

**IT IS FURTHER ORDERED** that objections to the affidavit shall be filed ***on or before December 5, 2008***.

The Clerk of Court shall notice any motion and affidavit filed for consideration on the undersigned's December 17, 2008 motion calendar, without oral argument, as an "assessment of Rule 37(a)(4) fees and expenses."

Signed at Lafayette, Louisiana, on November 7, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)