UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CLARENCE SINEGAL, ET AL | CIVIL ACTION NO. 07-CV-1740 |
| VERSUS | JUDGE MELANÇON |
| MERIT ENERGY COMPANY, ET AL | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the Court are Clarence and Victoria Sinegal's (collectively "plaintiffs") Notice of Appeal of Magistrate's Ruling on Motion to Compel [Rec. Doc. 113] and defendants, Merit Energy Company, Timmy Danos, Inc. and Galiano Tugs, Inc.'s (collectively "defendants") Memorandum in Opposition thereto [Rec. Doc. 131]. For the reasons that follow, plaintiffs' Appeal [Rec. Doc. 113] will be denied and the Magistrate Judge's Ruling [Rec. Doc. 70] will be affirmed.

### I. BACKGROUND

On October 22, 2007, plaintiffs filed a Complaint against defendants, Merit Energy, Timmy Danos and the M/V TIMMY DANOS[1] seeking recovery for injuries Clarence Sinegal ("Sinegal") allegedly sustained while he was employed as Production Operator A for Island Operating Company aboard an oil and gas production platform in the East Cameron 160 field more than three miles south of the coast of Louisiana in the Gulf of Mexico. *R. 1, ¶V.* Plaintiffs filed a First Supplemental and Amending Complaint on July 2, 2008, adding as a

---

[1] The M/V TIMMY DANOS was dismissed by this Court's Judgment of April 1, 2008 [Rec. Doc. 15] in response to plaintiffs' Unopposed Motion to Dismiss Without Prejudice [Rec. Doc. 11].

1

defendant Galiano Tugs, Inc., employer of the crew aboard the M/V TIMMY DANOS on the date of the alleged accident. *R. 26.* Plaintiffs contend that Sinegal was injured on November 20, 2006, while being lowered in a personnel basket onto the M/V TIMMY DANOS by a crane stationed on the fixed platform. *Id.*

On September 15, 2008, plaintiffs filed a Motion to Compel seeking production of written statements prepared by Mitchell Bertrand and David Mott,[2] employees of Galiano Tugs, Inc., and requesting attorneys' fees and costs in connection with the motion.[3] *R. 34.* Plaintiffs argued that because the statements were given on the date of the subject accident, they were taken in conjunction with the investigation of the accident and not in anticipation of litigation. *R. 34-1.* Defendants opposed the motion, arguing that the statements were privileged from discovery because they were prepared in anticipation of litigation and thus protected by Fed. R. Civ. Pro. 26(b)(3)(A). *R. 40.* Plaintiffs filed a Supplemental Memorandum in Support. *R. 50.* Defendants filed a Supplemental Memorandum in Opposition thereto. *R. 56.*

Defendants filed a motion to compel the production of blank medical, personnel, education, police, and workers' compensation authorization forms from Clarence Sinegal on

---

[2] Mitchell Bertrand, a deckhand aboard the M/V TIMMY DANOS, testified that he and Captain David Mott, both employees of Galiano Tugs, Inc., gave statements regarding the accident on November 20, 2006, the date of the accident. *R. 34-1.*

[3] On May 27, 2008, plaintiffs served interrogatories and request for production of documents on defendants, requesting information about who defendants talked to, contacted, communicated and/or interviewed concerning the subject accident. *R. 34-1 Exh. 1, Plaintiffs Interrogatories and Request for Production of Documents.* Counsel for defendants objected to plaintiffs' request on June 23, 2008, stating, "defendants advise that a handwritten statement of David Mott and Mitch Bertrand was obtained in anticipation of litigation." *R. 34-1 Exh. 2, Defendants Answers to Interrogatories and Request for Production of Documents.*

September 19, 2008, and defendants moved for an award of attorneys' fees and costs incurred in connection with their motion. *R. 36.* Plaintiffs filed an Opposition *(R. 58)* thereafter, arguing that the blank medical requests were overly broad.  Defendants filed a Reply thereto. *R. 63.*

The magistrate judge entered a Ruling on the Motions to Compel on November 7, 2008, granting plaintiffs' Motion to Compel *(R. 34)* but denying plaintiffs' request for attorneys' fees, and granting defendants' Motion to Compel *(R. 36)* as well as defendants' request for attorneys' fees. *R. 70.* Plaintiffs now appeal the magistrate's Ruling, specifically, the denial of plaintiffs' request for attorneys' fees, and the award of attorneys' fees to defendants for expenses incurred in connection with their motion to compel. *R. 113.*

## II. STANDARD OF REVIEW

The denial of a motion to compel is a non-dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A).  A magistrate judge may hear and determine any non-dispositive pretrial matter pending before a District Court. 28 U.S.C. § 636(b)(1).[4]  Federal law affords a magistrate judge broad discretion in the resolution of such matters. *See* Fed. R. Civ. P. 72(a).  In a non-dispositive matter, a District Court will reverse a magistrate judge's ruling only if the party

---

[4] 28 U.S.C. s 636(b)(1)(A) provides:

"Notwithstanding any provision of law to the contrary a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

challenging the decision can demonstrate that the determination was clearly erroneous or contrary to the law. *Id.*; *see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir.1995). The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* Fed.R.Civ.P. 72(a).

### III. LAW & ANALYSIS

*A. Denial of Plaintiffs' Motion for Attorneys' Fees and Expenses*

Plaintiffs appeal the part of the Magistrate Judge's Ruling denying plaintiffs' counsel fees for plaintiffs' motion to compel discovery responses from defendants. *See R. 113.* The magistrate judge granted plaintiffs' request for an order compelling defendants to produce the written statements prepared by Mitchell Bertrand and Captain David Mott, but denied plaintiffs' request for expenses in bringing the motion. *R. 70.* The Court finds that plaintiffs' assertion that the magistrate judge summarily refused to grant plaintiffs' request for attorneys' fees and expenses is without merit.

Motions to compel discovery responses are governed by Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37. Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37 (a)(2). Subsection (a)(4)(A) of Rule 37, which governs sanctions under the rule, mandatorily requires the award of reasonable expenses, including attorney's fees, *unless* the motion to compel discovery was unjustified or other

4

circumstances make the award unjust. (emphasis added). Subsection (a)(4)(A) states:

> (4) Expenses and Sanctions
>
> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

In the present case, the magistrate judge made the following finding regarding her refusal to grant plaintiffs' request for expenses:

> Defendants' opposition was made based on applicable law. The dispute concerns two interpretations of the same facts. The undersigned thus finds that defendants' position was substantially justified.

*R. 70, p. 4 Ruling on Motions to Compel.* The record reflects that the magistrate judge made the requisite findings for denying plaintiffs' motion. *See Id.* The magistrate judge found that defendants' basis for objecting to plaintiffs' request was "substantially justified" as defendants provided a good-faith legal argument, albeit unpersuasive, for their failure to provide said documents. *Id.* The Ruling reflects the magistrate judge's appreciation of the difficulty surrounding a determination of whether a specific document may or may not fall under the work product privilege. *Id.*[5] As this is not the type of summary refusal that would

---

[5] In discussing this particular issue of law, the Fifth Circuit's has stated, "[i]t is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of th work product doctrine." *See United States v. Davis,* 636 F.2d 1028, 1039 (5th Cir. 1981).

5

warrant reversal by this Court, the undersigned finds that the magistrate judge's denial of plaintiffs' motion for expenses in connection with the motion to compel was proper.

### B. Defendants' Motion to Compel and Motion for Attorneys' Fees and Expenses

Plaintiffs appeal the Magistrate Judge's Ruling granting defendants' motion to compel to the extent that it grants defendants' motion for expenses, including attorneys' fees. *R. 113*. Plaintiffs contest the award arguing that their objection to providing defendants with a blank medical authorization was substantially justified due to the lack of direct federal authority mandating such a "broad and unlimited authorization." *R. 113, p. 7*. Plaintiffs argue that defendants are not entitled to an award of attorneys' fees because they "did not provide one case in which a party was sanctioned for failing to provide blank medical authorizations." *R. 113, p. 5*. Finally, plaintiffs complain that the magistrate judge failed to articulate a specific reason for sanctioning plaintiffs, other than citation to Rule 37(a)(4). *Id.* The Court finds that the decision to award defendants expenses for costs incurred in securing an appropriate order to compel plaintiff to sign the authorizations was not contrary to the law.

As stated above, Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, the court must, after providing an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, unless the movant failed to attempt in good faith to obtain the discovery without court intervention, the non-disclosure was substantially justified, or other circumstances make such an expense award unjust. Fed.R.Civ.P. 37(a)(5)(A). In the present case, plaintiffs failed to provide persuasive legal authority to support their failure to comply with Rule 37

in refusing to provide the requested medical authorization form. Moreover, defendants correctly point out that plaintiffs have proffered no reason for having arbitrarily ignored defendants' request for personnel, education, police and workers' compensation authorization forms. Plaintiffs' assertions of "substantial justification" are thus belied by this glaring omission. As such, it is reasonable that, after having reviewed the record, including plaintiffs' asserted reasons for failing to comport with the discovery rules and Fifth Circuit law rejecting plaintiffs' arguments, the magistrate judge found that attorneys' fees were warranted. Accordingly, plaintiffs have not met their burden of showing that the magistrate judge's decision was clearly erroneous or contrary to the law.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' Appeal (*R. 113*) of the Magistrate Judge's Ruling *(R. 70)* denying expenses for plaintiffs' discovery motion and granting expenses for defendants' discovery motion will be denied, and the Ruling will be affirmed.