**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| CLARENCE SINEGAL, ET AL | CIVIL ACTION NO. 07-CV-1740 |
| VERSUS | JUDGE MELANÇON |
| MERIT ENERGY COMPANY, ET AL | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before the Court is defendants, Merit Energy Company, Timmy Danos, Inc. and Galiano Tugs, Inc.'s (collectively "defendants") Motion for Partial Summary Judgment [Rec. Doc. 53], plaintiffs, Victoria Dell Cowans Sinegal, Gavin Christopher Sinegal, Ricardo Cowans and the Estate of Clarence Martin Sinegal's (collectively "plaintiffs") Memorandum in Opposition thereto [Rec. Doc. 122] and defendants' Reply [Rec. Doc. 69]. For the reasons that follow, defendants' Motion for Partial Summary Judgment [Rec. Doc. 53] will be granted.

**I. BACKGROUND**

This case arises out of a claim for personal injuries allegedly resulting in the death of Clarence Sinegal ("Sinegal"), sustained while he was employed as a Production Operator A for Island Operating Company ("Island Operating"), aboard an oil and gas production platform in the East Cameron 160 field more than three miles south of the coast of Louisiana in the Gulf of Mexico. *R. 1, ¶V.* Merit Energy is the owner of the drilling platform located in the East Cameron 160 field. *R. 71-1.* At the time of the alleged accident, Island Operating

was working on the platform pursuant to a contract with Merit Energy to perform production services. *R. 71-1, p. 2*. On November 20, 2006, Sinegal was allegedly injured while being lowered in a personnel basket by a crane stationed on the fixed platform onto the M/V TIMMY DANOS, a vessel owned by Timmy Danos, Inc. *Id.* Plaintiffs allege that the basket struck material and/or equipment on the back deck of the M/V TIMMY DANOS during the transfer, knocking Sinegal from the basket and onto the deck of the vessel, resulting in severe injuries. *Id.*

Clarence Sinegal and Victoria Sinegal filed their Complaint on October 22, 2007, seeking damages for injuries resulting from the accident. *R. 1,* ¶V. As defendants, plaintiffs named Merit Energy, Danos and the M/V TIMMY DANOS, alleging that each is liable for damages incurred as a result of the accident.[1] *R. 1* ¶IX. Plaintiffs filed a First Supplemental and Amending Complaint on July 2, 2008, adding as a defendant Galiano Tugs, Inc., alleging liability for the accident.[2] *R. 26.* Clarence Sinegal died on March 12, 2009. *R. 109.* Subsequently, counsel for plaintiffs filed a Second Supplemental and Amending Complaint adding and substituting as additional complainants, Christopher Sinegal, Ricardo Cowans and the Estate of Clarence Sinegal.[3] *Id.* Victoria Sinegal, in her capacity as surviving spouse, and Gavin Sinegal and Ricardo Cowans, as the son and stepson of Sinegal, allege damages

---

[1] The M/V TIMMY DANOS was dismissed by this Court's Judgment of April 1, 2008 (*R. 15*) in response to plaintiffs' Unopposed Motion to Dismiss Without Prejudice. *R. 11.*

[2] By Order dated December 24, 2008, the present action was administratively terminated as plaintiff had not yet reached maximum medical improvement. *R. 92.* The case was reopened on August 27, 2009. *R. 95.*

[3] The Estate of Clarence Sinegal was substituted as complainant in place of the decedent, Clarence Sinegal, as "own[er] of the survival action filed in the original complaint under 33 U.S.C. §905(b) and under the general maritime laws of the United States as well as under the laws of Louisiana." *R. 109* ¶3A.

under the Death on the High Seas Act, 46 U.S.C. §3031, *et seq.,* ("DOHSA") as well as damages under general maritime law, Longshore and Harbor Workers Compensation Act, 33 U.S.C. §3031, *et seq.,* ("LHWCA") and Louisiana law. *R. 109* ¶2A. Plaintiffs seek damages for loss of consortium as a result of Sinegal's alleged injuries. *R. 1,* ¶V; *R. 109* ¶3A. Defendants now move for partial summary judgment on the basis that there is no genuine issue of material fact regarding plaintiffs' inability to prevail on a loss of consortium claim as the injuries allegedly sustained by Sinegal on October 22, 2007, occurred on the Outer Continental Shelf ("OCS"). *R. 53-2, p. 1.*

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a

genuine issue for trial.[4] *Id*. at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp*., 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992).  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed.R.Civ.P. 56©; *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party.

---

[4] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp*., 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*Id.*

### III. LAW & ANALYSIS

Defendants move for partial summary judgment on the basis that there is no genuine issue of material fact as to whether plaintiffs would prevail on a claim for loss of consortium when the alleged injuries occurred on the OCS. *R. 53-2, p. 1.* Defendants contend that it is well-settled under general maritime law and the applicable jurisprudence that there is no claim available to the heirs of a longshoreman for loss of consortium when the accident occurs outside the state's territorial waters, as in this case. *R. 53-2, p.2.* Plaintiffs assert that the recent decision of the United States Supreme Court in *Atlantic Sounding Co., Inc., et al v. Edgar L. Townsend,* 557 U.S. ___, 129 S.Ct. 2561, acts to limit the holding of *Miles v. Apex Marine,*[5] 498 U.S. 19, 31 S.Ct. 317, 112 L.Ed.2d 275 (1990), and thus because defendants' cited cases rely upon the pre-*Atlantic Sounding* reasoning of *Miles*, its application to loss of consortium claims under the LHWCA is misplaced. *R. 122, p. 2.* Plaintiffs contend 33 U.S.C. §905(b) provides a loss of consortium claim even when the claim arises out of an injury occurring beyond the territorial waters of the United States because "the lack of uniformity in remedies is not justified" and "*Miles* does not specifically address claims for loss of consortium of a longshoreman injured on a vessel outside the three

---

[5] In *Miles*, the United States Supreme Court expressly limited the holding of *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 19, 111 Sup. Ct. 317, 112 La. Ed. 2d (1978)(holding that the wife of the deceased longshoreman could recover for her loss of society in a maritime wrongful death action) to injuries occurring in territorial waters. 498 U.S. at 31. In *Miles,* the Supreme Court addressed the question of whether the parent of a seaman who was killed by a fellow crew member could recover loss of society under the general maritime law. *Id.* Although the Court held that a cause of action for the wrongful death of a seaman is recognized under general maritime, this general maritime action for a seaman's wrongful death does not include recovery for loss of society. *Id.* at 33.

mile territorial limit." *R. 122 p. 2-3.* The Court disagrees.[6]

In the Fifth Circuit, there is a clear pronouncement that general maritime law precludes claims for loss of consortium for injuries to longshoreman that occur outside of the territorial waters of the United States. *Nichols v. Petroleum Helicopters, Inc.*, 17 F.3d 119, 122-123 (5th Cir.1994)(holding that longshoremen injured outside the territorial waters of the United States do not have a claim for loss of consortium under general maritime caselaw).[7] Plaintiffs' Complaint states that the alleged accident and resulting injuries occurred "more than three miles south of the cost of Louisiana in the Gulf of Mexico." *R. 1, p. 1*. Under the Fifth Circuit's clearly established line of precedent, there is no claim available to a longshoreman's surviving spouse or heirs for loss of consortium when the accident occurs outside of the state's territorial waters. *Nichols,* 17 F.3d at 122-23. Moreover, the Court finds plaintiffs' contention that *Atlantic Sounding* suggests a different result from that of *Miles* to be without merit. In *Atlantic Sounding,* the United States Supreme Court described *Miles* as addressing a different issue; therefore, it was distinguishable and "remain[ed] sound." 557 U.S. __, 129 S.Ct. at 2572. Support for the proposition that plaintiffs are entitled to loss of society damages is "lacking in both current case law and statute." *In re Maryland Marine, Inc.*, 641 F. Supp. 2d 579 (E.D. La. 2009)(J. Berrigan)(holding that loss of society damages are not recoverable under the Death on the

---

[6] *See Robertson v. Arco Oil and Gas Co.*, 766 F.Supp. 535, 539 (W.D.La.)(J. Little) *aff'd,* 948 F.2d 132 (5th Cir.1991)(holding that a dependent of a longshoreman injured beyond territorial waters may not recover damages for loss of consortium under 33 U.S.C. § 905(b)).

[7] *See also Broussard v. Aviara Energy Corp.*, 2005 WL 1473998 *5 (W.D.La. 2005)(J. Melançon)(holding that "[plaintiff] has no claim for loss of consortium as the alleged injury to her husband occurred not in state territorial waters but on the Outer Continental Shelf").

High Seas Act). Accordingly, defendants' motion will be granted.

## III. CONCLUSION

For the foregoing reasons, defendants' Motion for Partial Summary Judgment [Rec. Doc. 53] will be granted.