UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CLARENCE SINEGAL, ET AL** | **CIVIL ACTION 07-1740** |
| **VERSUS** | **JUDGE MELANCON** |
| **MERIT ENERGY CO., ET AL** | **MAGISTRATE JUDGE HANNA** |

## ORDER

Defendant, Merit Energy Co., (hereinafter Merit) filed a motion to compel (Rec. Doc. 36) which was granted on November 7, 2008. (Rec. Doc. 70)  In her ruling, Magistrate Judge Methvin also awarded attorney's fees to Merit and ordered Merit to file an affidavit of fees and costs in the record. (Rec. Doc. 70)  Plaintiffs appealed the ruling (Rec. Doc. 73) and on February 24, 2010, the appeal was denied by the District Court. (Rec. Doc. 145)

Merit filed its affidavit of fees and expenses in the form of a motion, (Rec. Doc. 76) and no objection was filed prior to the deadline of December 5, 2008 set by the Court. The case was administratively terminated on December 24, 2008. (Rec. Doc. 92)  After the case was reinstated on August 26, 2009, (Rec. Doc. 95) the District Court reopened the motion for attorney's fees  (Rec. Doc. 112) which was referred to the undersigned for disposition on February 8, 2010.

In their affidavits, counsel for Merit aver that they spent 13.1 hours related to the motion to compel at a rate of $150.00 per hour for Mr. Fenasci, and $140.00 per hour for Mr. McLaughlin resulting in a total cost of one thousand nine hundred and forty three

dollars ($1,943.00). (Rec. Doc. 76) The record does not reflect any objection to the motion or the affidavits filed by counsel for Merit although plaintiffs objected to the award in general in their appeal.

In determining an award of attorney's fees, the "lodestar" calculation is the "most useful starting point." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  The lodestar equals the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*   After determining the lodestar, the court must consider the applicability of the twelve factors set out in *Johnson v. Ga. Highway Express, Inc.,* 488 F2d 714, 717-719 (5th Cir. 1974) and may make upward or downward adjustments if warranted.  *Watkins v. Fordice,* 7 F.3d 453 (5th Cir 1993).

The rate for an attorney's fee is calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 (1984).  The rates of $150.00 and $140.00 per hour are slightly higher than rates previously accepted in this district as reasonable but will be accepted herein.  See *Greig v. Thibodeaux,* 2006 WL 2349588 (W.D. La. 2006); *Walker v. Petry*, 2006 WL 1084003 (W.D.La. 2006).

As far as reasonable hours are concerned, attorneys must exercise "billing judgment" and exclude unproductive, excessive, duplicative or inadequately documented time. *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997).  "Hours not properly billed to one's client are not properly billed to one's adversary. . . The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and

exclude hours that were not reasonably expended. . . Alternatively, this Court can conduct a line-by-line analysis of the time report." *Creecy v Metropolitan property and Casualty Ins. Co.,* 548 F. Supp.2d 279, 286 (E.D. La. 2008) citing *Hensley,* 461 U.S. at 434 and *Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642 (5th Cir. 2002).

In reviewing the affidavits submitted by counsel for Merit, the undersigned finds there are duplicative fees that would not customarily be billed to a client in the form of research for a non-complicated discovery dispute. These fees constitute a total of 3.6 hours, 2.2 of which were calculated at a rate of $140.00 per hour and 1.4 of which were calculated at a rate of $150.00 per hour. Therefore, the Court will reduce the award by a total of $518.00.

Given the foregoing, **IT IS ORDERED** that attorney's fees in the amount of $1425.00 be awarded to the defendant. **IT IS FURTHER ORDERED** that this amount be paid to defendant within 30 days of receipt of this order.

Thus done and signed this 26th day of April 2010, at Lafayette, La.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)